

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 18, 1947

FAGAN DICKSON
FIRST ASSISTANT

Hon. J. S. Holleman
District Attorney
9th Judicial District
Conroe, Texas

Opinion No. V-410

Re: Construction of H. B.
353, Acts, 50th Leg.,
1947, p. 104, as it
relates to Polk County.

Dear Sir:

Your request for an opinion of this Department is in substance as follows:

"Section 1, House Bill No. 353, provides, among other things:

"'From and after the passage of this Act the Special Ninth District Court of Montgomery, Polk and San Jacinto County, Texas shall also include Trinity County, Texas and the name of such District Court shall hereafter be the Special Ninth District Court of Montgomery, Polk, San Jacinto and Trinity County and the terms of such District Court in each of said Counties shall be held therein each year, as follows:

"'In the County of Polk, on the 18th Monday after the 1st Monday in January of each year and on the 20th Monday after the 1st Monday in July of each year. . . .'

"Article 199, Title 8, Section 11, says that the Special Ninth District Court of Montgomery, Polk and San Jacinto County created by this Act shall cease to exist the 30th day of June, 1943, at which time the term of office of the Judge of said Court shall expire by limitation of law and the provisions of this Act, except those as embodied in Section 12 herein. In the caption of House Bill No. 353 it states that this Act is to amend and to provide for a continuous term meaning continuous

term for Polk, Montgomery, San Jacinto and
Trinity County.  In regard to the question
as to whether or not this Act makes the
Special Ninth Judicial Court a continuous
Court as reenacted it would seem that under
the provisions of Article 199, Title 8,
Section 11, which states that the Court
will expire on the 30th day of June, 1943,
which Article was reenacted by the Forty-
ninth Legislature and House Bill 437 which
made the expiration date June 30, 1947.
As this Bill gave the expiration of this
Court as June 30, 1947, the Court ceased
to exist on that date and when House Bill
No. 353 went into effect it did provide
for a continuous court.  After expiration
of the Court on June 30, 1947, there ceased
to be a Special Ninth Judicial Court until
November 24, 1947, that being the 20th Mon-
day after the 1st Monday in July of the year
1947."

Section 9, Article 199, V.C.S., provides for
the creation of a Special 9th District Court for the
counties of Montgomery, Polk and San Jacinto.  By the
terms of this Act the Special 9th District Court ceased
to exist at the expiration of two years from the date
thereof.  This Court was reorganized and extended from
time to time by the Legislature.  Pursuant to the Acts
of 1939, 46th Leg., p. 162, the county of Trinity was
added to the Special 9th District Court, and the Act
specifically provided that such district court be the
Special 9th District Court of Montgomery, Polk, San Ja-
cinto and Trinity counties.  S. B. 270, 46th Leg., page
162, which changed the title of the 9th Judicial Dis-
trict by adding a new county, did not create a new judi-
cial district, but merely reorganized the district pre-
viously existing.  State v. Manry, (Com. App.) 16 S. W.
(2d) 809.  This same Special 9th District Court, as cre-
ated by Senate Bill No. 270, Acts of the 46th Leg., was
extended by S. B. 158, Acts of the 48th Leg., R.S. House
Bill 437, Acts of the 49th Leg., extended the expiration
date of said Court to the 30th day of June, 1947.

H. B. 353, Acts of the 50th Leg., 1947, p. 104,
amends Section 1 of S. B. No. 270, Acts of the 46th Leg.
After that portion thereof quoted by you in the first
paragraph of this opinion, it reads:

"Sec. 3.  The crowded condition of the dockets of the District Courts of Montgomery, Polk, San Jacinto and Trinity Counties and the inability of parties litigant to have their cases heard and disposed of without unusual and disastrous delay without the continuance of said Special Court, and the fact that the continuance of the terms of Court provided for in this Act will aid immeasurably in the dispatch of the business of the Courts of Montgomery, Polk, San Jacinto and Trinity Counties, and will avoid delay in the expeditious transaction of the business in said Courts, create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and this Act shall take effect and be in force immediately upon the expiration date of said Court, fixed by House Bill No. 437, Acts of the Regular Session of the Forty-ninth Legislature, to wit:  June 30, 1947, and it is so enacted."

Inasmuch as H. B. 353 contained this emergency clause and passed by the necessary two-thirds vote in each House, the Act became effective upon the expiration date of a Special 9th District Court fixed by H. B. 437, Acts of the 49th Legislature, to-wit, June 30, 1947. Therefore, a valid court was in existence, as reorganized by said Act on June 30, 1947.

Although a valid Court exists, the terms of Court for the County of Polk, provided for in H. B. 353, begin on the 18th Monday after the 1st Monday in January and on the 20th Monday after the 1st Monday in July (Nov. 24, 1947).  The next term of Court for the County of Polk commences on November 24, 1947.  Therefore, it is the opinion of this Department that the Special 9th District Court, as provided for in H. B. 353, has a continuous term of Court; the first term of Court for the County of Polk will begin on November 24, 1947.

### SUMMARY

A valid Special 9th District Court with continuous terms, was created by H. B. 353, Acts of the 50th Legislature, but the term

of Court for the county of Polk does not
commence until November 24, 1947, the 20th
Monday after the 1st Monday in July.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Burnell Waldrep_
Burnell Waldrep
Assistant

BW:djm

APPROVED:

_Fagan Dickson_
FIRST ASSISTANT
ATTORNEY GENERAL